IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOROTHY LEWIS, DARRELL
STANSBERRY, and CURTIS TURNER,

                Plaintiffs,

     v.                                   Case No. 06-4108-KGS

UFCW LOCAL TWO,

                Defendant.

_____

## **MEMORANDUM AND ORDER**

This matter comes before the court upon defendant United Food & Commercial Workers District Union Local Two's (hereinafter "Union") Motion for Summary Judgment on Claims of Plaintiff Dorothy Lewis (Doc. 38). Plaintiff Lewis has filed a "Motion for Summary Judgment" and "Memorandum for Summary Judgment with Suggestions in Support of and in Opposition to the Defendant's Memoranda to Its Motion for Summary Judgment" (Docs. 52 and 53), as well as "Plaintiff's Amended Motion for Summary Judgment" (Doc. 55) and "Amended Memorandum for Summary Judgment with Suggestions in Support of and in Opposition to the Defendant's Memoranda to Its Motion for Summary Judgment" (Doc. 59).

Defendant subsequently filed a Motion to Strike Plaintiff's Motion for Summary Judgment, Memorandum in Support Thereof, Amended Motion for Summary Judgment, and the Amended Memorandum in Support Thereof (Doc. 66). In turn, Plaintiffs Lewis, Stansberry and Turner filed a Response in Opposition to the Defendant's Motion to Strike (Doc. 69), to which defendant timely replied (Doc. 72).

Plaintiffs Lewis, Stansberry and Turner also filed a Motion for Leave to File Their Motions for Summary Judgment and Memorandums in Support of Out of Time or in the Alternative to File the Summary Judgments as Standard Oppositions (Doc. 68), to which defendant filed Suggestions in Opposition to Plaintiffs' Joint Motion for Leave to File Their Motions for Summary Judgment (Doc. 71), and plaintiffs replied by filing Plaintiffs' Response to the Defendant's Suggestions in Opposition to the Plaintiffs' Joint Motion for Leave to File Summary Judgments Out of Time (Doc 73).

Defendant also has filed Defendant's Reply Memorandum in Support of Motion for Summary Judgment on Claims of Plaintiff Dorothy Lewis (Doc. 67), to which plaintiff Lewis filed Plaintiff Dorothy Lewis's Reply to Defendant's Reply on Plaintiff's Claims of Motion for Summary Judgment (Doc. 70), effectively a surreply. The court deems all motions ripe for disposition and is prepared to rule.

**I.      Defendant's Motion for Summary Judgment (Doc. 38).**

    **A.      Summary Judgment Standard.**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[1] For the purpose of reviewing a summary judgment motion, a factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."[2] A "genuine" issue of

---

[1] Fed. R. Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

fact exists where "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[3]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[4] To meet this standard, the moving party does not need to negate the claims of the non-movant; instead, the moving party can simply point out the absence of evidence for the non-moving party on an essential element of that party's claim.[5] Once the moving party satisfies this initial burden in a properly supported motion, the burden shifts to the non-moving party to show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof."[6] The non-moving party may not rest on mere allegations or denials in its response in opposition to summary judgment, but "must set forth specific facts showing that there is a genuine issue for trial."[7] Therefore, the mere existence of some alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment.[8] The court must consider the record in the light most favorable to the non-moving

---

[3] *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson,* 477 U.S. at 248).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). *See also Doebele v. Sprint Corp.*, 157 F.Supp.2d 1191, 1195 (D. Kan. 2001); and *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir., 1991).

[5] *Adams v. Am. Guarantee & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000).

[6] *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990).

[7] *Liberty Lobby*, 477 U.S. at 256.

[8] *Id.*

party.[9] However, in a response to a motion for summary judgment, "a non-moving party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment on the mere hope that something will turn up at trial."[10]

Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion.[11] In this case, plaintiff's responses to defendant's motion for summary judgment, including plaintiff's Motion for Summary Judgment and Memorandum in Support (Docs. 52 and 53) and Amended Motion for Summary Judgment and Amended Memorandum in Support (Docs. 55 and 59) fail to provide the court with a "section that contains a concise statement of material facts as to which the party contends a genuine issue exists."[12] As a result, "All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment[.]"[13] Additionally, the court finds any additional facts asserted by plaintiff Lewis in either of her briefs raise no genuine issue of material fact that would preclude an order granting summary judgment for defendant.

**B.    Facts.**

---

[9] *See Doebele*, 157 F. Supp.2d at 1195. *See also Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir. 1991).

[10] *Zapata v. IBM, Inc.,* 1998 U.S. Dist. LEXIS 21702 *17 (D. Kan. September 29, 1998)(citing *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988)).

[11] D. Kan. R. 56.1(a).

[12] D. Kan. R. 56.1(b).

[13] D. Kan. R. 56.1(a) ("All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of opposing party.").

In November 1995, Ball's Price Chopper hired plaintiff Dorothy Lewis as a retail cashier. At the time she was hired, plaintiff became a member of defendant Union. On October 7, 2005, plaintiff Lewis resigned from her position at Price Chopper. Prior to her resignation, on September 29, 2005, defendant Union filed a grievance with Price Chopper on plaintiff's behalf. The grievance alleged that plaintiff Lewis was entitled to five hours of lost pay from September 12, 2005. On October 6, 2005, Price Chopper denied the grievance and listed the reasons for its denial. Subsequently, on October 12, 2005, defendant Union informed plaintiff of its decision not to pursue her grievance to arbitration. In this correspondence, the Union informed Ms. Lewis of her right to appeal the decision not to arbitrate her grievance to the Union's Executive Board.

Despite having notice of the internal union appellate procedure, plaintiff Lewis failed to appeal the Union's decision not to arbitrate her grievance to the Defendant's Executive Board. On September 13, 2006, - eleven months after plaintiff was informed the Union would not pursue her grievance to arbitration - plaintiff Lewis filed the instant action.

On January 10, 2007, plaintiffs filed their Second Amended Complaint. Plaintiff Lewis alleged she had suffered from breach of contract and lack of duty of fair representation by the defendant as her unresolved grievances never reached the level of arbitration, which was allegedly in violation of the union contract. On January 16, 2007, defendant filed its Answer to Plaintiffs' Second Amended Complaint, in which it denied the allegations made by plaintiffs and asserted an affirmative defense that each plaintiff's cause of action was barred by the applicable statute of limitations.

**C.     Contentions.**

In plaintiffs' Second Amended Complaint, plaintiff alleges she:

> "suffere[ed] from a breach of contract and lack of duty of fair representation by the Defendant" as Ms. Lewis's "unresolved grievances never reached the level of arbitration, which is in violation of the union contract."[14]

Defendant, in its Motion for Summary Judgment and Memorandum in Support (Doc. 38-39), argues that a claim such as plaintiff's falls under the category of breach of the duty of fair representation and is therefore subject to a six-month statute of limitations as implied under the scheme of the National Labor Relations Act.[15] According to defendant, the latest date by which plaintiff's cause of action could have accrued was on or about October 12, 2005 – the date on which defendant Union wrote plaintiff to inform her of its decision not to arbitrate plaintiff's grievance. Although plaintiff was advised at the time of her right to appeal defendant's decision not to take her grievance to arbitration, no appeal was initiated by plaintiff. Because plaintiff did not file her case until September 13, 2006 – eleven months later – defendant contends that the six-month statute of limitations has run on plaintiff's claim and defendant is entitled to summary judgment.

Plaintiff has filed two briefs which, as discussed hereafter in Parts II and III, shall be characterized as responses in opposition to defendant's Motion for Summary Judgment.[16] Plaintiff argues that a six-month statute of limitations does not apply to this case because plaintiff is asserting defendant breached its contractual duties and duty of fair representation by

---

[14] Plaintiff's Second Amended Complaint (Doc. 23) at p. 4.

[15] 29 U.S.C. §160(b).

[16] *See* Plaintiff's Motion for Summary Judgment and Memorandum in Support (Docs. 52-53); and Plaintiff's Amended Motion for Summary Judgment and Memorandum in Support (Doc. 55, 59).

its decision not to take plaintiff's grievance to arbitration.[17]

**D.     Discussion.**

As stated previously, defendant seeks summary judgment on the ground that plaintiff's claim alleges defendant union breached its duty of fair representation and, as such, is subject to a six-month statute of limitations for bringing such an action under §10(b) of the National Labor Relations Act.[18]  On or about October 12, 2005, defendant's Union Representative wrote plaintiff to inform her of the Union's decision not to arbitrate plaintiff's grievance.  Since plaintiff is challenging defendant's conduct and decision not to take her grievance to arbitration, defendant contends plaintiff's claim against the union accrued at the time she was notified of defendant's decision.  Because plaintiff did not file her case until September 13, 2006 – more than eleven months later – defendant contends that the six-month statute of limitations has run on plaintiff's claim and, therefore, defendant is entitled to summary judgment.  First, the court will address how plaintiff's claim should be characterized.  Then, the court will address what statute of limitations should apply to plaintiff's claim.

**1.     Characterization of Plaintiff's Claim.**

Defendant argues that the court should characterize plaintiff's claim as one for breach of the duty of fair representation.  In an effort to avoid the application of the six-month statute of

---

[17] Plaintiff Dorothy Lewis Memorandum for Summary Judgment with Suggestions in Support of and in Opposition to the Defendant's Memorandum to Its Motion for Summary Judgment (Doc. 53) at p. 11, 13;  Plaintiff Dorothy Lewis Amended Memorandum for Summary Judgment with Suggestions in Support of and in Opposition to the Defendant's Memorandum to Its Motion for Summary Judgment (Doc. 59) at p. 11, 13; Plaintiff Dorothy Lewis Reply to Defendant's Reply on Plaintiff's Claims of Motion for Summary Judgment (Doc 70), at p. 1.

[18] 29 U.S.C. §160(b).

limitations, plaintiff contends her claim is based on breach of contract.

Generally speaking, an employee "may bring suit against his employer for breach of a collective bargaining agreement."[19] However, an employee generally is required to exhaust all grievance or arbitration remedies provided in the collective bargaining agreement prior to filing suit.[20] The employee will be bound by the result according to the finality provisions of the agreement and such result is subject to very limited judicial review.[21]

In addition, the United States Supreme Court has noted that this rule works "an unacceptable injustice" if the union representing the employee in the grievance/arbitration procedure acts "in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation."[22] In such a case, the employee may bring suit against the union for breach of the duty of fair representation, which is implied under the scheme of the National Labor Relations Act.[23]

In this case, plaintiff alleges in her Second Amended Complaint she:

> "suffere[ed] from a breach of contract and lack of duty of fair representation by the Defendant" as Ms. Lewis's "unresolved grievances never reached the level of arbitration, which is in violation of the union contract."[24]

In her Amended Opposition to Defendant's Motion for Summary Judgment, plaintiff

---

[19]*DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 163 (1983)(citing *Smith v. Evening News Assn.*, 371 U.S. 195 (1962)).

[20]*Id.* (citing *Republic Steel Corp. V. Maddox*, 379 U.S. 650 (1965)).

[21]*Id.* at 164.

[22]*Id.*

[23]*Id.* (citations omitted).

[24]Plaintiff's Second Amended Complaint (Doc. 23) at p. 4.

asserted her claim was one for "breach of contract of duty of fair representation."[25]

Plaintiff further alleges in her Amended Opposition that:

> "since the Defendant only had the concern for collecting union dues and having the lack of concern to thoroughly investigate (*my*) grievance issues, that they did breach the contract of duty of fair representation by collecting (*my*) union dues without fair representation."[26]

Under these circumstances, the court concludes that this action is most appropriately characterized as one based upon breach of the duty of fair representation. While plaintiff contends her action is based, at least in part, upon contract law, plaintiff cites no cases, whatsoever, to adequately support this proposition.

Therefore, the court finds that plaintiff's claim is most appropriately characterized as a claim for breach of the duty of fair representation. This conclusion is evidenced by plaintiff's own characterization of her claim in her Second Amended Complaint and plaintiff's Opposition to Defendant's Motion for Summary Judgment and Amended Opposition to Defendant's Motion for Summary Judgment.

### 2. Statute of Limitations for Plaintiff's Claim.

The court has concluded that plaintiff's claim is most appropriately characterized as a claim for breach of the duty of fair representation. Therefore, the court now addresses what statute of limitations applies to a claim for breach of the duty of fair representation.

The court finds the law is well-settled that the applicable statute of limitations for claims

---

[25] Plaintiff Dorothy Lewis Amended Memorandum for Summary Judgment with Suggestions in Support of and in Opposition to the Defendant's Memorandum to Its Motion for Summary Judgment (Doc. 59) at p. 1.

[26] *Id.* at 13.

of a breach of the duty of fair representation is six (6) months.[27] The United States Supreme Court has expressly rejected application of state law statutes of limitations for breach of the duty of fair representation claims and has further held that such claims are subject to a six-month limitation period under §10(b) of the National Labor Relations Act.[28] Thus, the court finds any state-law statute of limitations does not apply to plaintiff's claim and the applicable statute of limitations for plaintiff's claim is instead the six-month period contained in §10(b) of the National Labor Relations Act.[29]

The court agrees with defendant and finds the six-month limitations period on a claim for breach of the duty of fair representation begins to run when an employee "knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violations."[30]

In this case, plaintiff was on notice of her claim at the latest on or about October 12, 2005– when defendant Union mailed plaintiff a letter stating that her grievance would not be arbitrated. The undisputed facts in this case demonstrate that on September 29, 2005, plaintiff

---

[27] *Hagerman v. United Transp. Union*, 281 F.3d 1189, 1197-98 (10th Cir. 2002)(citing *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151 (1983)).

[28] *DelCostello v. Int'l Bhd. Of Teamsters et al.,* 462 U.S. 151, 169, 170 (1983)("In this case...we have available a federal statute of limitations actually designed to accommodate a balance of interests very similar to that at stake here – a statute that is, in fact, an anology to the present lawsuit more apt than any of the suggested state-law parallels...We refer to §10(b) of the National Labor Relations Act, which establishes a 6-month period for making charges of unfair labor practices to the NLRB....[and] [t]he NLRB has consistently held that all breaches of a union's duty of fair representation *are* in fact unfair labor practices.").

[29] 29 U.S.C. §160(b).

[30] *Spaulding v. United Transportation Union*, 279 F.3d 901, 908 (10th Cir. 2002)(citations omitted).

filed a grievance with Price Chopper. Price Chopper denied the grievance and listed the reasons in its denial. The undisputed facts additionally show that in accordance with Union policy, on October 12, 2005, Union Representative Herb Dicus wrote plaintiff informing her of the Union's decision not to arbitrate plaintiff's grievance and her right to appeal this decision. A decision which plaintiff failed to appeal. Therefore, the court finds that the latest date on which plaintiff's cause of action accrued was on or about October 12, 2005.

Pursuant to the six-month statute of limitations, the court finds that plaintiff would have had to file her lawsuit on or about April 12, 2006, in order to fall within the statute of limitations. Because plaintiff did not file her lawsuit until more than five months later on September 13, 2006, the court finds that plaintiff filed her lawsuit after the statute of limitations had expired as to her claim and defendant's Motion for Summary Judgment (Doc. 38) should be granted on this basis.

### 3. Breach of Contract

For the sake of argument, even if the court were to hold plaintiff Lewis had adequately asserted a breach of contract claim, which it does not, the court finds that defendant Union did not breach any contractual duty owed the plaintiff.

Plaintiff Lewis alleges that defendant's decision not to arbitrate her grievance violated Article XV, Section 15.4 of the collective bargaining agreement between the Union and Price Chopper which states:

> "The Union or the Employer may request the Director of Federal Mediation and Conciliation Service to furnish a list of seven (7) arbitrators to hear the unresolved grievance. The Employer and the Union Shall then alternatively strike names from the list until one (1) name remains and such person shall be the arbitrator for determination

of the grievance."[31]

The court, based on a plain reading of the collective bargaining agreement, finds nothing requiring that the Union pursue plaintiff's grievance to arbitration. The court also notes that the By Laws of the Union make clear the Union has discretion in deciding which grievances to arbitrate. Article XV, Section A of the Union's Bylaws state:

> "The District Union shall have the exclusive authority to interpret and enforce the collective bargaining contract. In accordance therewith, the District Union shall have the exclusive authority to submit grievances to arbitration, withdraw grievances, settle and compromise grievances and decline to invoke the grievance procedures of a collective bargaining contract. The President, or his or her designated representative, shall make the decision as to whether a grievance is to be submitted to arbitration."[32]

The uncontroverted facts of this case show that defendant determined plaintiff Lewis's claims would not prevail before a neutral arbitrator, and thus defendant declined to process the grievance to arbitration. Ms. Lewis was informed of this decision on October 12, 2005, by letter, which also outlined her right to appeal the decision of Union not to arbitrate her grievance. Plaintiff Lewis did not appeal the decision.

Article XV, section F of the Union's Bylaws states: "Any member who does not appeal the District Union's disposition of the member's grievance as provided above shall be deemed to have acquiesced in said disposition."[33] Plaintiff Lewis's failure appeal the Union's decision not to arbitrate her grievance shows her acquiescence of that decision. Therefore, defendant Union could not violate any contractual obligation to plaintiff Lewis.

---

[31] Defendant's Memorandum in Support of Its Motion for Summary Judgment on the Claims of Plaintiff Dorothy Lewis, at Ex. F, p. 19.

[32] *Id.* at Ex. D, p. 18.

[33] *Id.* Ex. F, p. 18.

**II.  Defendant's Motion to Strike Plaintiff Dorothy Lewis's Motion for Summary Judgment, Memorandum in Support Thereof, Amended Motion for Summary Judgment, and the Amended Memorandum in Support Thereof (Doc. 66).**

Defendant also moves to strike plaintiff's Motion for Summary Judgment (Doc. 52), Memorandum in Support Thereof (Doc. 53), Amended Motion for Summary Judgment (Doc. 55), and the Amended Memorandum in Support Thereof (Doc.59).  The dispositive motion deadline, as established in the Scheduling Order entered on May 15, 2007, for this case was June 15, 2007.  On July 2, 2007, the court entered an Amended Scheduling Order, wherein the dispositive motion deadline remained unchanged.  Plaintiff Lewis filed her Motion for Summary Judgment on September 7, 2007, and her Amended Motion for Summary Judgment on September 10, 2007.

Therefore, defendant contends both motions should be stricken because they failed to meet the June 15, 2007 dispositive motion deadline as established in the both the Scheduling Order and the Amended Scheduling Order.  Plaintiffs state in their response that additional research was required for plaintiff Turner to locate medical records and documents from the Equal Employment Opportunity Commission.  They also argue that the Pretrial Order states, "Plaintiffs may file motions for summary judgment following further investigation of their cases."  Finally they contend that the failure to file dispositive motions by the deadline was merely a mistake and an unintentional oversight.

The court, upon a full review of the record, finds that Defendant's Motion to Strike (Doc. 66) should be denied. The court notes that the deadline for filing dispositive motions in this case was June 15, 2007.  Plaintiff filed her motion almost three months after this deadline.  Such a delay may not be excused as a mistake or unintentional oversight.  Plaintiffs' argument that

plaintiff Turner needed more time to conduct research is also unavailing for two reasons. First, the deadline for discovery in this case was May 31, 2007, so Mr. Turner should have conducted any research before the deadline. Second, Mr. Turner's personal records have nothing to do with plaintiff Lewis's Motion for Summary Judgment or Amended Motion for Summary Judgment. Plaintiffs also take the quote from the Pretrial Order out of context. While the Pretrial Order does say that the plaintiffs may file motions for summary judgment following further investigation, it also says, immediately thereafter that, "The dispositive motion deadline, as established in the scheduling order and any amendments, is June 15, 2007."

Even so, the court, out of an abundance of caution, has reviewed plaintiff's Motion for Summary Judgment and Amended Motion for Summary Judgment and fails to find sufficient grounds contained in those documents to alter this court's decision on defendant's motion. Therefore, having reviewed plaintiff's motions, and having failed to find sufficient grounds contained in those motions to warrant a denial of defendant's Motion for Summary Judgment, the court shall deny defendant's Motion to Strike (Doc. 66) as moot.

**III.     Plaintiffs' Motion for Leave to File Their Motions for Summary Judgments and Memorandums In Support of Out of Time or the Alternative to File the Summary Judgments as Standard Oppositions (Doc. 68).**

Plaintiffs Lewis, Turner, and Stansberry ask the court for leave to file their motions for summary judgment and memorandums in support out of time, or alternatively, leave to file them as standard oppositions to defendant's motions for summary judgment. Again, plaintiffs argue that plaintiff Turner required additional time to research his claim and locate medical records and documents from the Equal Employment Opportunity Commission and that the Pretrial Order stated plaintiffs could file motions for summary judgment following further investigation of their

case. Plaintiffs also state that they initially did not intend to file motions for summary judgment, but changed their minds after documents were located in late August. As discussed in Part II, plaintiffs arguments are not persuasive. The court finds that plaintiff Turner should have conducted any research or located any documents before the close of discovery on May 31, 2007. Also, the dispositive motion deadline, as established in the Scheduling Order, the Amended Scheduling Order, and the Pretrial Order, was June 15, 2007. The court finds no merit in plaintiffs' argument that they initially had decided not to file dispositive motions and then changed their minds. This is no justification for filing dispositive motions almost three months after the established deadline.

Regardless of plaintiffs' inability to abide by the scheduled deadlines of this case, the court finds that plaintiffs' individual motions for summary judgment should be treated as oppositions to defendant's respective motions for summary judgment against each individual plaintiff. The court notes that plaintiff Lewis's Motion for Summary Judgment was filed on September 7, 2007, thus it is considered a timely response to defendant's Motion for Summary Judgment. The court further notes that plaintiff Lewis's Amended Motion for Summary Judgment, plaintiff Turner's Motion for Summary Judgment, and plaintiff Stansberry's Motion for Summary Judgment, although past the response deadline of September 7, 2007, were all filed only a few days later. Because plaintiffs are proceeding *pro se* and filed lengthy, detailed briefs with supporting documents, the court finds cause for leniency. The court holds plaintiffs' motion (Doc. 68) should be granted in part and denied in part. If further holds that each of plaintiffs' respective motions for summary judgment and plaintiff Lewis's amended motion for summary judgment shall be treated as oppositions to defendant's respective motions for

summary judgment. Thus, the court holds plaintiff Lewis's Motion for Summary Judgment (Doc. 52) and Amended Motion for Summary Judgment (Doc. 55) should be denied, but considered as responses to defendant's Motion for Summary Judgment on the Claims of Plaintiff Dorothy Lewis.

As stated above, having reviewed plaintiff Lewis's Motion for Summary Judgment and Amended Motion for Summary Judgment as an opposition to Defendant's Motion for Summary Judgment on Claims of Plaintiff Dorothy Lewis, the court fails to find sufficient grounds contained in those documents to alter this court's decision on defendant's motion. Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment (Doc. 38) is hereby granted.

**IT IS FURTHER ORDERED** that defendant's Motion to Strike (Doc. 66) is hereby denied as moot.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave (Doc. 68) is hereby granted in part and denied in part. Plaintiff Lewis's Motion for Summary Judgment (Doc. 52) and Amended Motion for Summary Judgment (Doc. 55) shall be treated as responses to Defendant's Motion for Summary Judgment (Doc. 38).

**IT IS FURTHER ORDERED** that Plaintiff Lewis's Motion for Summary Judgment (Doc. 52) and Amended Motion for Summary Judgment (Doc. 55) shall be denied.

Judgment shall be entered in favor of defendant in accordance with this order.

**IT IS SO ORDERED.**

Dated this 26th day of March, 2008, at Topeka, Kansas.

                                              s/ K. Gary Sebelius
                                              K. Gary Sebelius
                                              U.S. Magistrate Judge