IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOROTHY LEWIS, DARRELL
STANSBERRY, and CURTIS TURNER,

           Plaintiffs,

v.                           Case No. 06-4108-KGS

UFCW LOCAL TWO,

           Defendant.

_____

## MEMORANDUM AND ORDER

This matter comes before the court upon defendant United Food & Commercial Workers District Union Local Two's (hereinafter "Union") Motion for Summary Judgment on Claims of Plaintiff Darrell Stansberry (Doc. 40). Plaintiff Stansberry has filed a "Motion for Summary Judgment" and "Memorandum for Summary Judgment with Suggestions in Support of and in Opposition to the Defendant's Memoranda to Its Motion for Summary Judgment" (Docs. 61 and 62).

Defendant subsequently filed a Motion to Strike Plaintiff's Motion for Summary Judgment and Memorandum in Support Thereof (Doc. 64). In turn, Plaintiffs Lewis, Stansberry and Turner filed a Response in Opposition to the Defendant's Motion to Strike (Doc. 69), to which defendant timely replied (Doc. 72).

Plaintiffs Lewis, Stansberry and Turner also filed a Motion for Leave to File Their Motions for Summary Judgment and Memorandums in Support of Out of Time or in the Alternative to File the Summary Judgments as Standard Oppositions (Doc. 68), to which

defendant filed Suggestions in Opposition to Plaintiffs' Joint Motion for Leave to File Their Motions for Summary Judgment (Doc. 71), and plaintiffs replied by filing Plaintiffs' Response to the Defendant's Suggestions in Opposition to the Plaintiffs' Joint Motion for Leave to File Summary Judgments Out of Time (Doc 73). The court finds the issues are ripe for disposition and is prepared to rule.

I.  **Defendant's Motion for Summary Judgment (Doc. 40).**

    A.  **Summary Judgment Standard.**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[1] For the purpose of reviewing a summary judgment motion, a factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."[2] A "genuine" issue of fact exists where "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[3]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[4] To meet this standard, the moving party does not need to negate the

---

[1] Fed. R. Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson,* 477 U.S. at 248).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). *See also Doebele v. Sprint Corp.*, 157 F.Supp.2d 1191, 1195 (D. Kan. 2001); and *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir., 1991).

claims of the non-movant; instead, the moving party can simply point out the absence of evidence for the non-moving party on an essential element of that party's claim.[5] Once the moving party satisfies this initial burden in a properly supported motion, the burden shifts to the non-moving party to show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof."[6] The non-moving party may not rest on mere allegations or denials in its response in opposition to summary judgment, but "must set forth specific facts showing that there is a genuine issue for trial."[7] Therefore, the mere existence of some alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment.[8] The court must consider the record in the light most favorable to the non-moving party.[9] However, in a response to a motion for summary judgment, "a non-moving party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment on the mere hope that something will turn up at trial."[10]

Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the

---

[5] *Adams v. Am. Guarantee & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000).

[6] *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990).

[7] *Liberty Lobby*, 477 U.S. at 256.

[8] *Id.*

[9] *See Doebele*, 157 F. Supp.2d at 1195. *See also Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir. 1991).

[10] *Zapata v. IBM, Inc.,* 1998 U.S. Dist. LEXIS 21702 *17 (D. Kan. September 29, 1998)(citing *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988)).

summary judgment motion.[11] In this case, plaintiff's response to defendant's motion for summary judgment, including plaintiff's Motion for Summary Judgment and Memorandum in Support (Docs. 61 and 62) failed to provide the court with a "section that contains a concise statement of material facts as to which the party contends a genuine issue exists."[12] As a result, "All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment[.]"[13] Additionally, the court finds any additional facts asserted by plaintiff Stansberry in his brief raise no genuine issue of material fact that would preclude an order granting summary judgment for defendant.

**B. Facts.**

In the early 1990's, Ball's Price Chopper hired plaintiff Darrell Stansberry. In 1993, plaintiff Stansberry became a member of the Defendant Union. On or about April 29, 2002, plaintiff Stansberry was demoted by Price Chopper from his position of Assistant Manager to the position of food clerk. In response to his demotion, on or about April 30, 2002, the defendant filed a grievance (No. 21773) with Price Chopper protesting the company's decision to demote plaintiff Stansberry. On May 8, 2002, Price Chopper denied the grievance filed by the Union on April 30, 2002. The denial of the grievance listed the reasons for denial.

On June 6, 2002, defendant Union, through its representative Jerry L. Helmick, sent correspondence to Price Chopper, informing the company that the Union would be taking Mr.

---

[11] D. Kan. R. 56.1(a).

[12] D. Kan. R. 56.1(b).

[13] D. Kan. R. 56.1(a) ("All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of opposing party.").

Stansberry's grievance to arbitration. On August 7, 2002, counsel for defendant sent Mr. Timothy Heinsz correspondence informing Mr. Heinsz that the Union and company had agreed on employing Mr. Heinsz as the arbitrator to hear plaintiff Stansberry's grievance. On or about August 23, 2002, plaintiff Stansberry, while at work at Price Chopper, was arrested on charges of felony theft. The charges stemmed from allegations that plaintiff Stansberry had sold groceries from Price Chopper to acquaintances at discounted prices. The same day, plaintiff Stansberry was suspended indefinitely by Price Chopper. On August 30, 2002, defendant sent a letter to Mr. Stansberry in which defendant asked Mr. Stansberry to provide the Union with information relating to his arrest, so that the Union could properly represent Mr. Stansberry in his grievance against Price Chopper.

On September 3, 2002, the Union filed a grievance (No. 21050) with Price Chopper on behalf of plaintiff Stansberry protesting his suspension. On September 4, 2002, Price Chopper, through its Human Resources Manager, Ron Giangreco, denied the grievance filed on September 3, 2002.

On September 9, 2002, defendant Union filed another grievance (No. 24156) with Price Chopper on behalf of plaintiff Stansberry protesting his suspension without pay. On September 12, 2002, representatives of defendant and Price Chopper met to discuss the grievances relating to plaintiff Stansberry's suspension. As a result of the meeting, the Union and company agreed to put the grievances "on hold" pending the outcome of the criminal case filed against plaintiff Stansberry.

On September 26, 2002, the Union sent Ron Giangreco a letter in which the agreement to hold plaintiff Stansberry's grievances in abeyance pending the outcome of his criminal case was

memorialized. On January 10, 2003 and April 14, 2003, the Union sent Price Chopper a letter which noted plaintiff Stansberry's grievances were being held in abeyance pending the outcome of the criminal case.

On May 2, 2003, Union representative Jerry Helmick sent plaintiff Stansberry a letter in which the union noted that plaintiff Stansberry had agreed to hold his grievances in abeyance pending the outcome of the criminal charges and reminding plaintiff Stansberry to keep the Union informed as to the status of the criminal action.

On May 7, 2003, plaintiff Stansberry was convicted of theft by a jury in Wyandotte County, Kansas. On June 9, 2003, the Union sent plaintiff Stansberry a letter informing him that the Union and Price Chopper had agreed to continue to hold the grievance in abeyance, pending the outcome of post-trial motions filed by plaintiff Stansberry in his criminal case. On June 18, 2003, counsel for Price Chopper sent counsel for defendant Union a letter informing the Union that plaintiff Stansberry's sentencing hearing was scheduled for August 1, 2003, and that Price Chopper was agreeing to continue withholding a decision on Mr. Stansberry's future employment until the criminal matter is concluded.

On July 18, 2003, plaintiff Stansberry sent defendant Union a letter in which he specifically withdrew Grievance Nos. 21050, 21773, and 24156. The letter noted that plaintiff Stansberry was withdrawing the grievances against Price Chopper as part of a settlement agreement with the company.

On September 13, 2006, plaintiffs filed this action against defendant. Thereafter, on January 10, 2007 plaintiffs filed their Second Amended Complaint, wherein plaintiff Stansberry alleged he had suffered from breach of contract and lack of duty of fair representation by the

defendant. He further alleged that the "union closed his grievance by failing to investigate the allegation" and the "unresolved grievances never reached the level of arbitration, which is in violation of the union contract." On January 16, 2007, defendant filed its Answer to Plaintiffs' Second Amended Complaint, in which it denied the allegations made by plaintiff and asserted an affirmative defense that each plaintiff's cause of action was barred by the applicable statute of limitations.

### C. Contentions.

In plaintiffs' Second Amended Complaint, plaintiff alleges:

> the "union closed his grievance by failing to investigate the allegations, but did side with the employer. The unresolved grievances never reached the level of arbitration, which is in violation of the union contract Article XV section 15.4."[14]

Defendant, in its Motion for Summary Judgment and Memorandum in Support (Docs. 40 and 41), argues that a claim such as plaintiff's falls under the category of breach of the duty of fair representation and is therefore subject to a six-month statute of limitations as implied under the scheme of the National Labor Relations Act.[15] According to defendant, the latest date by which plaintiff's cause of action could have accrued was on or about July 18, 2003 – the date on which plaintiff Stansberry wrote defendant Union informing the Union that plaintiff was withdrawing Grievance Nos. 21050, 21773, and 24156 as part of a settlement agreement with Price Chopper. Because plaintiff did not file his case until September 13, 2006 – over three years later – defendant contends that the six-month statute of limitations has run on plaintiff's claim and defendant is entitled to summary judgment.

---

[14]Plaintiff's Second Amended Complaint (Doc. 23) at p. 5.

[15]29 U.S.C. §160(b).

Plaintiff has filed a Motion for Summary Judgment and Memorandum in Support which, as discussed in Parts II and III, shall be characterized as a response in opposition to defendant's Motion for Summary Judgment.[16] Plaintiff argues that a six-month statute of limitations does not apply to this case because plaintiff is asserting defendant breached its contractual duties and duty of fair representation by its decision not to take plaintiff's grievance to arbitration.[17]

**D.    Discussion.**

As stated previously, defendant seeks summary judgment on the ground that plaintiff's claim alleges defendant union's breach of the duty of fair representation and, as such, is subject to a six-month statute of limitations for bringing such an action under §10(b) of the National Labor Relations Act.[18] On or about July 18, 2003, plaintiff Stansberry wrote defendant Union a letter informing the Union he was withdrawing Grievance Nos. 21050, 21773, and 24156. Since plaintiff is challenging defendant's conduct related to these grievances, defendant contends plaintiff's claim against the union accrued at the time plaintiff Stansberry notified defendant Union of his withdrawal of the grievances. Because plaintiff did not file his case until September 13, 2006 – more than three years later – defendant contends that the six-month statute of limitations has run on plaintiff's claim and, therefore, defendant is entitled to summary judgment. First, the court will address how plaintiff's claim should be characterized. Then, the court will address what statute of limitations should apply to plaintiff's claim.

---

[16] *See* Plaintiff's Motion for Summary Judgment and Memorandum in Support (Docs. 61 and 62).

[17] Plaintiff Darrell Stansberry Memorandum for Summary Judgment with Suggestions in Support of and in Opposition to the Defendant's Memorandum to Its Motion for Summary Judgment (Doc. 62) at p. 1, 8.

[18] 29 U.S.C. §160(b).

### 1. Characterization of Plaintiff's Claim.

Defendant argues that the court should characterize plaintiff's claim as one for breach of the duty of fair representation. In an effort to avoid the application of the six-month statute of limitations, plaintiff contends his claim is based on breach of contract.

Generally speaking, an employee "may bring suit against his employer for breach of a collective bargaining agreement."[19] However, an employee generally is required to exhaust all grievance or arbitration remedies provided in the collective bargaining agreement prior to filing suit.[20] The employee will be bound by the result according to the finality provisions of the agreement and such result is subject to very limited judicial review.[21]

In addition, the United States Supreme Court has noted that this rule works "an unacceptable injustice" if the union representing the employee in the grievance/arbitration procedure acts "in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation."[22] In such a case, the employee may bring suit against the union for breach of the duty of fair representation, which is implied under the scheme of the National Labor Relations Act.[23]

In this case, plaintiff alleges in his Second Amended Complaint:

> the "union closed his grievance by failing to investigate the allegations, but did

---

[19]*DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 163 (1983)(citing *Smith v. Evening News Assn.*, 371 U.S. 195 (1962)).

[20]*Id.* (citing *Republic Steel Corp. V. Maddox*, 379 U.S. 650 (1965)).

[21]*Id.* at 164.

[22]*Id.*

[23]*Id.* (citations omitted).

side with the employer. The unresolved grievances never reached the level of arbitration, which is in violation of the union contract Article XV section 15.4."[24]

In his Motion for Summary Judgment, plaintiff asserted his claim was one for "breach of contract of duty of fair representation."[25]

Plaintiff further alleges in his Motion for Summary Judgment that:

> "Defendant breached its contract by duty of fair representation for failure to pursue (my) grievance to arbitration, because in accordance to the union contract Article XV section 15.7 [26]

Plaintiff goes on to say in his Motion for Summary Judgment:

> "My grievance was based upon racial discrimination a Title VII issue which was never settled, or the opportunity to appeal a decision which there was not a final decision; nor, was the grievance ever submitted to arbitration."[27]

Under these circumstances, the court concludes that this action is most appropriately characterized as one based upon breach of the duty of fair representation. While plaintiff contends his action is based, at least in part, upon contract law, plaintiff cites no cases, whatsoever, to adequately support this proposition.

Therefore, the court finds that plaintiff's claim is most appropriately characterized as a claim for breach of the duty of fair representation. This conclusion is evidenced by plaintiff's own characterization of his claim in his Second Amended Complaint and plaintiff's Motion for Summary Judgment and Memorandum in Support.

---

[24] Plaintiff's Second Amended Complaint (Doc. 23) at p. 5.

[25] Plaintiff Darrell Stansberry Memorandum for Summary Judgment with Suggestions in Support of and in Opposition to the Defendant's Memorandum to Its Motion for Summary Judgment (Doc. 63) at p. 1.

[26] *Id.* at 8.

[27] *Id.* at 10.

## 2. Statute of Limitations for Plaintiff's Claim.

The court has concluded that plaintiff's claim is most appropriately characterized as a claim for breach of the duty of fair representation. Therefore, the court now addresses what statute of limitations applies to a claim for breach of the duty of fair representation.

The court finds the law is well-settled that the applicable statute of limitations for claims of a breach of the duty of fair representation is six (6) months.[28] The United States Supreme Court has expressly rejected application of state law statutes of limitations for breach of the duty of fair representation claims and has further held that such claims are subject to a six-month limitation period under §10(b) of the National Labor Relations Act.[29] Thus, the court finds any state-law statute of limitations does not apply to plaintiff's claim and the applicable statute of limitations for plaintiff's claim is instead the six-month period contained in §10(b) of the National Labor Relations Act.[30]

The court agrees with defendant and finds the six-month limitations period on a claim for breach of the duty of fair representation begins to run when an employee "knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the

---

[28]*Hagerman v. United Transp. Union*, 281 F.3d 1189, 1197-98 (10th Cir. 2002)(citing *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151 (1983)).

[29]*DelCostello v. Int'l Bhd. Of Teamsters et al.,* 462 U.S. 151, 169, 170 (1983)("In this case...we have available a federal statute of limitations actually designed to accommodate a balance of interests very similar to that at stake here – a statute that is, in fact, an anology to the present lawsuit more apt than any of the suggested state-law parallels...We refer to §10(b) of the National Labor Relations Act, which establishes a 6-month period for making charges of unfair labor practices to the NLRB....[and] [t]he NLRB has consistently held that all breaches of a union's duty of fair representation *are* in fact unfair labor practices.").

[30]29 U.S.C. §160(b).

union's alleged violations."[31]

In this case, plaintiff was on notice of his claim at the latest on or about July 18, 2003 – when plaintiff wrote a letter to defendant Union specifically stating he was withdrawing his grievances as part of a settlement agreement with Price Chopper. Thus, on July 18, 2003, plaintiff was aware that the Union would not be pursuing his claims to arbitration because plaintiff, himself, withdrew his claims. The undisputed facts in this case demonstrate that on April 30, 2002, defendant union filed Grievance No. 21773 on behalf of plaintiff. On September 3, 2002, defendant union filed Grievance No. 21050 on behalf of plaintiff. On September 9, 2002, defendant union filed Grievance No. 24156 on behalf of plaintiff. On September 12, 2002 the Union and Price Chopper met and agreed to hold in abeyance plaintiff Stansberry's grievances pending the outcome of the criminal case filed against plaintiff. All three grievances were still being held in abeyance when, on July 18, 2003, plaintiff Stansberry wrote the Union and specifically informed the Union he was withdrawing Grievance Nos. 21050, 21773, and 24156 as part of a settlement with Price Chopper. Therefore, the court finds that the latest date on which plaintiff's cause of action accrued was on or about July 18, 2003.

Pursuant to the six-month statute of limitations, the court finds that plaintiff would have had to file his lawsuit on or about January 18, 2004, in order to fall within the statute of limitations. Because plaintiff did not file his lawsuit until September 13, 2006 - more than three years after the cause of action accrued - the court finds that plaintiff filed his lawsuit after the statute of limitations had expired as to his claim and defendant's Motion for Summary Judgment (Doc. 40) should be granted on this basis.

---

[31] *Spaulding v. United Transportation Union*, 279 F.3d 901, 908 (10th Cir. 2002)(citations omitted).

### 3. Breach of Contract

For the sake of argument, even if the court were to hold plaintiff Stansberry had adequately asserted a breach of contract claim, which it does not, the court finds that defendant Union did not breach any contractual duty owed the plaintiff.

Plaintiff Stansberry alleges that defendant's decision not to arbitrate his grievance violated Article XV, Section 15.4 of the collective bargaining agreement between the Union and Price Chopper which states:

> "The Union or the Employer may request the Director of Federal Mediation and Conciliation Service to furnish a list of seven (7) arbitrators to hear the unresolved grievance. The Employer and the Union Shall then alternatively strike names from the list until one (1) name remains and such person shall be the arbitrator for determination of the grievance."[32]

The court, based on a plain reading of the collective bargaining agreement, finds nothing requiring that the Union pursue plaintiff's grievance to arbitration. The court also notes that the By Laws of the Union make clear the Union has discretion in deciding which grievances to arbitrate. Article XV, Section A of the Union's Bylaws state:

> "The District Union shall have the exclusive authority to interpret and enforce the collective bargaining contract. In accordance therewith, the District Union shall have the exclusive authority to submit grievances to arbitration, withdraw grievances, settle and compromise grievances and decline to invoke the grievance procedures of a collective bargaining contract. The President, or his or her designated representative, shall make the decision as to whether a grievance is to be submitted to arbitration."[33]

The uncontroverted facts of this case show that plaintiff Stansberry informed defendant Union by letter dated July 18, 2003, that he was withdrawing his grievances as part of a

---

[32] Defendant's Memorandum in Support of Its Motion for Summary Judgment on the Claims of Plaintiff Darrell Stansberry, at Ex. S, p. 19.

[33] *Id.* at Ex. T, p. 18.

settlement agreement with Price Chopper. Therefore, plaintiff Stansberry himself chose not to pursue the claims, which at the time were being held in abeyance, to arbitration. It is illogical that over three years later plaintiff Stansberry complains of the Union's conduct. Once plaintiff Stansberry himself withdrew the claims, there was nothing more the Union could have done on his behalf. The Union, based on its Articles and Bylaws, at no time had a contractual obligation to arbitrate plaintiff's grievances. The Union took affirmative steps to arbitrate the grievances, even though it was not obligated to do so. In the end, the Union did not pursue the grievances because plaintiff Stansberry informed the Union he was withdrawing his grievances. Thus, no contractual duty, at any time, was violated.

**II.     Defendant's Motion to Strike Plaintiff Darrell Stansberry's Motion for Summary Judgment and Memorandum in Support Thereof (Doc. 64).**

Defendant also moves to strike plaintiff's Motion for Summary Judgment (Doc. 61) and Memorandum in Support Thereof (Doc. 62). The dispositive motion deadline, as established in the Scheduling Order entered on May 15, 2007, for this case was June 15, 2007. On July 2, 2007, the court entered an Amended Scheduling Order, wherein the dispositive motion deadline remained unchanged. Plaintiff Stansberry filed his Motion for Summary Judgment on September 11, 2007.

Therefore, defendant contends the motion should be stricken because it failed to meet the June 15, 2007 dispositive motion deadline as established in the both the Scheduling Order and the Amended Scheduling Order. Plaintiffs state in their response that additional research was required for plaintiff Turner to locate medical records and documents from the Equal Employment Opportunity Commission. They also contend that the Pretrial Order states, "Plaintiffs may file motions for summary judgment following further investigation of their

cases." Finally they argue that the failure to file dispositive motions by the deadline was merely a mistake and an unintentional oversight.

The court, upon a full review of the record, finds that Defendant's Motion to Strike (Doc. 64) should be denied. The court notes that the deadline for filing dispositive motions in this case was June 15, 2007. Plaintiff filed his motion almost three months after this deadline. Such a delay may not be excused as a mistake or unintentional oversight. Plaintiffs' argument that plaintiff Turner needed more time to conduct research is also unavailing for two reasons. First, the deadline for discovery in this case was May 31, 2007, so Mr. Turner should have conducted any research before the deadline. Second, Mr. Turner's personal records have nothing to do with plaintiff Stansberry's Motion for Summary Judgment. Plaintiffs also take the quote from the Pretrial Order out of context. While the Pretrial Order does say that the plaintiffs may file motions for summary judgment following further investigation, it also says, immediately thereafter that, "The dispositive motion deadline, as established in the scheduling order and any amendments, is June 15, 2007."

Even so, the court, out of an abundance of caution, has reviewed plaintiff Stansberry's Motion for Summary Judgment and fails to find sufficient grounds contained in those documents to alter this court's decision on defendant's motion. Therefore, having reviewed plaintiff's motion, and having failed to find sufficient grounds contained in the motion to warrant a denial of defendant's Motion for Summary Judgment, the court shall deny defendant's Motion to Strike (Doc. 66) as moot.

**III.    Plaintiffs' Motion for Leave to File Their Motions for Summary Judgments and Memorandums In Support of Out of Time or the Alternative to File the Summary Judgments as Standard Oppositions (Doc. 68).**

As discussed in the court's ruling on Defendant's Motion for Summary Judgment on the Claims of Dorothy Lewis (Doc. 74), plaintiffs Lewis, Turner, and Stansberry asked the court for leave to file their motions for summary judgment and memorandums in support out of time, or alternatively, leave to file them as standard oppositions to defendant's motions for summary judgment. Pursuant to the court's Order,[34] the court holds plaintiff Stanberry's Motion for Summary Judgment (Doc. 61) should be denied, but considered as a response to defendant's Motion for Summary Judgment on the Claims of Plaintiff Darrell Stansberry.

As stated above, having reviewed plaintiff Stansberry's Motion for Summary Judgment as an opposition to Defendant's Motion for Summary Judgment on Claims of Plaintiff Darrell Stansberry, the court fails to find sufficient grounds contained in those documents to alter this court's decision on defendant's motion. Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment (Doc. 40) is hereby granted.

**IT IS FURTHER ORDERED** that defendant's Motion to Strike (Doc. 64) is hereby denied as moot.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave (Doc. 68) is hereby granted in part and denied in part. Plaintiff Stansberry's Motion for Summary Judgment (Doc. 61) shall be treated as a response to Defendant's Motion for Summary Judgment (Doc. 40).

**IT IS FURTHER ORDERED** that Plaintiff Stansberry's Motion for Summary Judgment (Doc. 61) shall be denied.

Judgment shall be entered in favor of defendant in accordance with this order.

---

[34] (Doc. 74).

**IT IS SO ORDERED.**

Dated this 26th day of March, 2008, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge