IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOROTHY LEWIS, DARRELL
STANSBERRY, and CURTIS TURNER,

                Plaintiffs,

v.                             Case No. 06-4108-KGS

UFCW LOCAL TWO,

                Defendant.

_____

## MEMORANDUM AND ORDER

This matter comes before the court upon defendant United Food & Commercial Workers District Union Local Two's (hereinafter "Union") Motion for Summary Judgment on Claims of Plaintiff Curtis Turner (Doc. 42). Plaintiff Turner has filed a "Motion for Summary Judgment" and "Memorandum for Summary Judgment with Suggestions in Support of and in Opposition to the Defendant's Memoranda to Its Motion for Summary Judgment" (Docs. 56 and 57).

Defendant subsequently filed a Motion to Strike Plaintiff's Motion for Summary Judgment and Memorandum in Support Thereof (Doc. 65). In turn, Plaintiffs Lewis, Stansberry and Turner filed a Response in Opposition to the Defendant's Motion to Strike (Doc. 69), to which defendant timely replied (Doc. 72).

Plaintiffs Lewis, Stansberry and Turner also filed a Motion for Leave to File Their Motions for Summary Judgment and Memorandums in Support of Out of Time or in the Alternative to File the Summary Judgments as Standard Oppositions (Doc. 68), to which defendant filed Suggestions in Opposition to Plaintiffs' Joint Motion for Leave to File Their

Motions for Summary Judgment (Doc. 71), and plaintiffs replied by filing Plaintiffs' Response to the Defendant's Suggestions in Opposition to the Plaintiffs' Joint Motion for Leave to File Summary Judgments Out of Time (Doc 73). The court finds the issues are ripe for disposition and is prepared to rule.

**I.      Defendant's Motion for Summary Judgment (Doc. 42).**

    **A.      Summary Judgment Standard.**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[1]  For the purpose of reviewing a summary judgment motion, a factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."[2]  A "genuine" issue of fact exists where "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[3]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[4]  To meet this standard, the moving party does not need to negate the claims of the non-movant; instead, the moving party can simply point out the absence of

---

[1] Fed. R. Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson,* 477 U.S. at 248).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  *See also Doebele v. Sprint Corp.*, 157 F.Supp.2d 1191, 1195 (D. Kan. 2001); and *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir., 1991).

evidence for the non-moving party on an essential element of that party's claim.[5] Once the moving party satisfies this initial burden in a properly supported motion, the burden shifts to the non-moving party to show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof."[6] The non-moving party may not rest on mere allegations or denials in its response in opposition to summary judgment, but "must set forth specific facts showing that there is a genuine issue for trial."[7] Therefore, the mere existence of some alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment.[8] The court must consider the record in the light most favorable to the non-moving party.[9] However, in a response to a motion for summary judgment, "a non-moving party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment on the mere hope that something will turn up at trial."[10]

Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion.[11] In this case, plaintiff's response to defendant's motion for

---

[5] *Adams v. Am. Guarantee & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000).

[6] *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990).

[7] *Liberty Lobby*, 477 U.S. at 256.

[8] *Id.*

[9] *See Doebele*, 157 F. Supp.2d at 1195. *See also Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir. 1991).

[10] *Zapata v. IBM, Inc.,* 1998 U.S. Dist. LEXIS 21702 *17 (D. Kan. September 29, 1998)(citing *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988)).

[11] D. Kan. R. 56.1(a).

summary judgment, including plaintiff's Motion for Summary Judgment and Memorandum in Support (Docs. 61 and 62) failed to provide the court with a "section that contains a concise statement of material facts as to which the party contends a genuine issue exists."[12] As a result, "All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment[.]"[13] Additionally, the court finds any additional facts asserted by plaintiff Turner in his brief raise no genuine issue of material fact that would preclude an order granting summary judgment for defendant.

### B. Facts.

Prior to November, 2003, plaintiff Turner was employed by Ball's Price Chopper. While employed at Price Chopper, plaintiff Turner was a member of the defendant Union. On or about November 19, 2003, plaintiff Turner's employment at Price Chopper was terminated by the company based on allegations that he vandalized a co-worker's automobile. On November 26, 2003, defendant filed a grievance with Price Chopper on behalf of Mr. Turner, protesting the termination. Price Chopper denied the grievance, stating the reason for denial was Mr. Turner's admission that he had vandalized the co-worker's automobile while on the job.

Thereafter, the defendant determined that Turner would not be successful in arbitration of the November 26, 2003 grievance, and closed its file on the grievance. In December of 2003, defendant Union informed plaintiff Turner of its decision not to pursue his grievance to arbitration and informed plaintiff Turner of his appellate rights under the Union's constitution.

---

[12] D. Kan. R. 56.1(b).

[13] D. Kan. R. 56.1(a) ("All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of opposing party.").

Despite having notice of the internal union appellate procedure, plaintiff Turner failed to appeal defendant's decision not to arbitrate his grievance to the defendant's Executive Board. At no time has plaintiff Turner filed a "charge" against the Union with the Equal Employment Opportunity Commission (EEOC) or the State of Kansas' equivalent, the Kansas Human Rights Commission (KHRC), alleging that the Union violated Mr. Turner's rights under the Americans With Disabilities Act (ADA).

On September 13, 2006, plaintiffs filed this action against defendant. Thereafter, on January 10, 2007 plaintiffs filed their Second Amended Complaint, wherein plaintiff Turner alleged he had suffered from breach of contract and lack of duty of fair representation by the defendant. He further alleged that the "union refused to file a grievance in the matter by failing to arbitrate his case, which is in violation of the union contract . . .." Plaintiff Turner also cited in his Second Amended Complaint, 42 U.S.C. § 12111, a provision of the Americans With Disabilities Act (ADA), but did not mention the ADA in is Statement of the Case, nor did he state any allegations of how the defendant may have violated the ADA. On January 16, 2007, defendant filed its Answer to Plaintiffs' Second Amended Complaint, in which it denied the allegations made by plaintiff and asserted an affirmative defense that each plaintiff's cause of action was barred by the applicable statute of limitations.

Plaintiff Turner attaches several documents to his Memorandum in Support of Summary Judgment that the court has reviewed and wishes to note. First, Exhibit C, although not labeled, appears to be a correspondence/inquiry made with the EEOC on November 21, 2003. Second, a letter from the Samuel Jones, EEOC Customer Service Investigator, dated November 25, 2003, explicitly states that Mr. Turner's information has *not* been filed as a charge. The letter goes on

to say that the evidence plaintiff referenced and submitted is not sufficient to demonstrate at this time that the employer's actions were motivated by illegal bias under the laws the Commission enforces, and that no further action will be taken and the information will be placed in the EEOC's "Inquiry" file, "rather than being filed as a charge" until the EEOC receives further communication from plaintiff Turner.  Third, Exhibit I, is a letter from Bobbie C. Faulkner, Enforcement Investigator for the EEOC, dated January 14, 2004.  The letter states that "no further action will be taken and the information you submitted will be placed in our 'Inquiry' file."  The letter also states:

> "In addition, please note Mr. Turner will only have 180 days from the date of the event that you allege is discriminatory to file a charge to protect your rights under state law and you must file within 300 days from that date to protect your rights under federal law. Again, you have not filed a charge at this time."

The court finds that no documents submitted by plaintiff Turner prove that he actually submitted a "charge" with the EEOC.  Instead, they only show he submitted an "inquiry."

**C.    Contentions.**

In plaintiffs' Second Amended Complaint, plaintiff alleges:

> the "union refused to file a grievance in the matter by failing to arbitrate his case, which is in violation of the union contract . . .." [14]

Defendant, in its Motion for Summary Judgment and Memorandum in Support (Docs. 42 and 43), argues that a claim such as plaintiff's falls under the category of breach of the duty of fair representation and is therefore subject to a six-month statute of limitations as implied under the scheme of the National Labor Relations Act.[15]  According to defendant, the latest date by

---

[14] Plaintiff's Second Amended Complaint (Doc. 23) at p. 4.

[15] 29 U.S.C. §160(b).

which plaintiff's cause of action could have accrued was on or about December 31, 2003 – because the defendant Union wrote a letter to plaintiff in December of 2003 informing him the Union had decided not to pursue his grievance to arbitration and informing him of his appellate rights under the Union constitution. Because plaintiff did not file his case until September 13, 2006 – over two years later – defendant contends that the six-month statute of limitations has run on plaintiff's claim and defendant is entitled to summary judgment.

Plaintiff has filed a Motion for Summary Judgment and Memorandum in Support which, as discussed in Parts II and III, shall be characterized as a response in opposition to defendant's Motion for Summary Judgment.[16] Plaintiff argues that a six-month statute of limitations does not apply to this case because plaintiff is asserting defendant breached its contractual duties and duty of fair representation by its decision not to take plaintiff's grievance to arbitration.[17]

**D. Discussion.**

As stated previously, defendant seeks summary judgment on the ground that plaintiff's claim alleges defendant union's breach of the duty of fair representation and, as such, is subject to a six-month statute of limitations for bringing such an action under §10(b) of the National Labor Relations Act.[18] In December of 2003, defendant Union wrote plaintiff Turner informing him of defendant's decision not to pursue his grievance to arbitration and informing him of is right to appeal that decision. Since plaintiff is challenging defendant's conduct related to its

---

[16] *See* Plaintiff's Motion for Summary Judgment and Memorandum in Support (Docs. 56 and 57).

[17] Plaintiff Curtis Turner's Memorandum for Summary Judgment with Suggestions in Support of and in Opposition to the Defendant's Memorandum to Its Motion for Summary Judgment (Doc. 57) at p. 1, 8.

[18] 29 U.S.C. §160(b).

failure to take plaintiff's grievance to arbitration, defendant contends plaintiff's claim against the union accrued at the time plaintiff became aware defendant was not pursuing his claim to arbitration. Because plaintiff did not file his case until September 13, 2006 – more than two years later – defendant contends that the six-month statute of limitations has run on plaintiff's claim and, therefore, defendant is entitled to summary judgment. First, the court will address how plaintiff's claim should be characterized. Then, the court will address what statute of limitations should apply to plaintiff's claim.

### 1. Characterization of Plaintiff's Claim.

Defendant argues that the court should characterize plaintiff's claim as one for breach of the duty of fair representation. In an effort to avoid the application of the six-month statute of limitations, plaintiff contends his claim is based on breach of contract.

Generally speaking, an employee "may bring suit against his employer for breach of a collective bargaining agreement."[19] However, an employee generally is required to exhaust all grievance or arbitration remedies provided in the collective bargaining agreement prior to filing suit.[20] The employee will be bound by the result according to the finality provisions of the agreement and such result is subject to very limited judicial review.[21]

In addition, the United States Supreme Court has noted that this rule works "an unacceptable injustice" if the union representing the employee in the grievance/arbitration procedure acts "in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach

---

[19]*DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 163 (1983)(citing *Smith v. Evening News Assn.*, 371 U.S. 195 (1962)).

[20]*Id.* (citing *Republic Steel Corp. V. Maddox*, 379 U.S. 650 (1965)).

[21]*Id.* at 164.

its duty of fair representation."[22] In such a case, the employee may bring suit against the union for breach of the duty of fair representation, which is implied under the scheme of the National Labor Relations Act.[23]

In this case, plaintiff alleges in his Second Amended Complaint:

> the "union refused to file a grievance in the matter by failing to arbitrate his case, which is in violation of the union contract . . .."[24]

In his Motion for Summary Judgment, plaintiff asserted his claim was one for "breach of contract of duty of fair representation."[25]

Plaintiff further alleges in his Motion for Summary Judgment that:

> "Defendant breached its contract and breach of duty of fair representation for failure of not pursuing (my) grievance to arbitration as in accordance to Article XV section 15.7."[26]

Plaintiff goes on to say in his Motion for Summary Judgment:

> "A timely grievance had been filed requesting reinstatement of my employment because were wrongfully discharged by the employer, which the Defendant fail to properly represent (me) in pursuing my grievance."[27]

Similarly, Plaintiff again states in his Motion for Summary Judgment:

> "Defendant only had the concern for collecting union dues and having the lack of

---

[22]*Id.*

[23]*Id.* (citations omitted).

[24]Plaintiff's Second Amended Complaint (Doc. 23) at p. 4.

[25] Plaintiff Curtis Turner Memorandum for Summary Judgment with Suggestions in Support of and in Opposition to the Defendant's Memorandum to Its Motion for Summary Judgment (Doc. 57) at p. 1.

[26] *Id.* at 5.

[27] *Id.* at 7.

concern to thoroughly investigate (my) grievance, that there was a breach of contract duty of fair representation for collecting (my) union does without fair representation."[28]

Under these circumstances, the court concludes that this action is most appropriately characterized as one based upon breach of the duty of fair representation. While plaintiff contends his action is based, at least in part, upon contract law, plaintiff cites no cases, whatsoever, to adequately support this proposition.

Therefore, the court finds that plaintiff's claim is most appropriately characterized as a claim for breach of the duty of fair representation. This conclusion is evidenced by plaintiff's own characterization of his claim in his Second Amended Complaint and plaintiff's Motion for Summary Judgment and Memorandum in Support.

**2. Statute of Limitations for Plaintiff's Claim.**

The court has concluded that plaintiff's claim is most appropriately characterized as a claim for breach of the duty of fair representation. Therefore, the court now addresses what statute of limitations applies to a claim for breach of the duty of fair representation.

The court finds the law is well-settled that the applicable statute of limitations for claims of a breach of the duty of fair representation is six (6) months.[29] The United States Supreme Court has expressly rejected application of state law statutes of limitations for breach of the duty of fair representation claims and has further held that such claims are subject to a six-month

---

[28] *Id.* at 9.

[29] *Hagerman v. United Transp. Union*, 281 F.3d 1189, 1197-98 (10th Cir. 2002)(citing *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151 (1983)).

limitation period under §10(b) of the National Labor Relations Act.[30] Thus, the court finds any state-law statute of limitations does not apply to plaintiff's claim and the applicable statute of limitations for plaintiff's claim is instead the six-month period contained in §10(b) of the National Labor Relations Act.[31]

The court agrees with defendant and finds the six-month limitations period on a claim for breach of the duty of fair representation begins to run when an employee "knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violations."[32]

In this case, plaintiff was on notice of his claim at the latest in December of 2003– when defendant Union mailed plaintiff a letter stating that his grievance would not be arbitrated. The undisputed facts in this case demonstrate that on November 26, 2003, defendant union filed a grievance on behalf of plaintiff protesting plaintiff's termination. In December of 2003, defendant Union informed plaintiff it would not pursue his claims to arbitration. Therefore, the court finds that the latest date on which plaintiff's cause of action accrued was on or about December 31, 2003.

Pursuant to the six-month statute of limitations, the court finds that plaintiff would have

---

[30]*DelCostello v. Int'l Bhd. Of Teamsters et al.,* 462 U.S. 151, 169, 170 (1983)("In this case...we have available a federal statute of limitations actually designed to accommodate a balance of interests very similar to that at stake here – a statute that is, in fact, an onology to the present lawsuit more apt than any of the suggested state-law parallels...We refer to §10(b) of the National Labor Relations Act, which establishes a 6-month period for making charges of unfair labor practices to the NLRB....[and] [t]he NLRB has consistently held that all breaches of a union's duty of fair representation *are* in fact unfair labor practices.").

[31]29 U.S.C. §160(b).

[32] *Spaulding v. United Transportation Union*, 279 F.3d 901, 908 (10th Cir. 2002)(citations omitted).

had to file his lawsuit on or about June 30, 2004, in order to fall within the statute of limitations. Because plaintiff did not file his lawsuit until September 13, 2006 - more than two years after the statute of limitations had expired - the court finds that plaintiff filed his lawsuit after the statute of limitations had expired as to his claim and defendant's Motion for Summary Judgment (Doc. 42) should be granted on this basis.

### 3. Breach of Contract.

For the sake of argument, even if the court were to hold plaintiff Turner had adequately asserted a breach of contract claim, which it does not, the court finds that defendant Union did not breach any contractual duty owed the plaintiff.

Plaintiff Turner alleges that defendant's decision not to arbitrate his grievance violated Article XV, Section 15.4 of the collective bargaining agreement between the Union and Price Chopper which states:

> "The Union or the Employer may request the Director of Federal Mediation and Conciliation Service to furnish a list of seven (7) arbitrators to hear the unresolved grievance. The Employer and the Union Shall then alternatively strike names from the list until one (1) name remains and such person shall be the arbitrator for determination of the grievance."[33]

The court, based on a plain reading of the collective bargaining agreement, finds nothing requiring that the Union pursue plaintiff's grievance to arbitration. The court also notes that the By Laws of the Union make clear the Union has discretion in deciding which grievances to arbitrate. Article XV, Section A of the Union's Bylaws state:

> "The District Union shall have the exclusive authority to interpret and enforce the collective bargaining contract. In accordance therewith, the District Union shall have the exclusive authority to submit grievances to arbitration, withdraw grievances, settle and

---

[33] Defendant's Memorandum in Support of Its Motion for Summary Judgment on the Claims of Plaintiff Curtis Turner, at Ex. E, p. 19.

-12-

compromise grievances and decline to invoke the grievance procedures of a collective bargaining contract. The President, or his or her designated representative, shall make the decision as to whether a grievance is to be submitted to arbitration."[34]

The uncontroverted facts of this case show that defendant determined plaintiff Turner's claims would not prevail before a neutral arbitrator, and thus defendant declined to process the grievance to arbitration. Plaintiff Turner was informed of this decision in December of 2003, by letter, which also outlined his right to appeal the decision of Union not to arbitrate his grievance. Plaintiff Turner did not appeal the decision.

Article XV, section F of the Union's Bylaws states: "Any member who does not appeal the District Union's disposition of the member's grievance as provided above shall be deemed to have acquiesced in said disposition."[35] Plaintiff Turner's failure to appeal the Union's decision not to arbitrate his grievance shows his acquiescence in that decision. Therefore, Union could not have violated any contractual obligation to plaintiff Turner.

### 4. Plaintiff's Claim under the Americans With Disabilities Act.

Even though the Second Amended Complaint contains no claim by plaintiff Turner under the ADA, in the Pretrial Order, entered May 15, 2007, Plaintiff Turner states that "Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12111, with respect to Mr. Turner."[36] Thus, it appears that plaintiff Turner is alleging a cause of action against defendant Union based on violations of the ADA.

Exhaustion of administrative remedies under the ADA is a jurisdictional prerequisite to

---

[34] *Id.* at Ex. D, p. 18.

[35] *Id.*

[36] *See* Pretrial Order (Doc. 34 at p. 5).

suit in the Tenth Circuit.[37]  To exhaust administrative remedies, a plaintiff generally must present his claim to the EEOC or authorized state agency (in Kansas, the KHRC) and receive a right-to-sue letter based on that charge.[38]  The charge "shall be in writing and signed and shall be verified,"[39] and must at a minimum identify the parties and "describe generally the action or practices complained of."[40]  The charge tells the EEOC or KHRC what to investigate, provides the opportunity to conciliate the claim, and gives the charged party notice of the alleged violation.[41]

The requirement to present a charge to the EEOC or a state agency as a prerequisite to bringing suit serves the dual purposes of ensuring that the administrative agency has the opportunity to investigate and conciliate the claims and providing notice of the claims to the charged party.[42]  To be timely, a plaintiff must file the charge with the EEOC within 180 days or with the KHRC within 300 days of the complained-of conduct.[43]  Failure to exhaust administrative remedies by filing a charge deprives the court of jurisdiction to consider the alleged unlawful conduct.[44]

---

[37] *McBride v. CITGO Petroleum Corp.,* 281 F. 3d 1099, 1105 (10th Cir. 2005).

[38] *Jones v. Wichita State University,* 528 F. Supp. 2d 1196, 1214 (D. Kan. 2007).

[39] 29 C.F.R. § 1601.9

[40] 29 C.F.R. § 1601.12(b)

[41] *Jones*, 528 F. Supp. 2d at 1214 (citing *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir.2003).

[42] *Id.*

[43] *See* 42 U.S.C. § 2000c-5(e)(1)

[44] *Praseuth v. Newell-Rubbermaid, Inc.,* 219 F. Supp. 2d 1157, 1191 (D. Kan. 2002).

In the instant action, plaintiff Turner never filed a "charge" against defendant Union with either the EEOC or the KHRC. The court recognizes that plaintiff Turner filed what appears to be an "inquiry" with the EEOC on November 21, 2003. Even so, this correspondence never rose to the level of an actual "charge" and plaintiff never received a right-to-sue letter. Plaintiff Turner should have been well aware that his claim against the Union was not classified as a charge. The letter from the Samuel Jones, EEOC Customer Service Investigator, dated November 25, 2003, explicitly states that Mr. Turner's information was *not* filed as a charge. Moreover, the letter from Bobbie C. Faulkner, Enforcement Investigator for the EEOC, dated January 14, 2004, stated "no further action will be taken and the information you submitted will be placed in our 'Inquiry' file." The letter also advised Mr Turner that he only had 180 days from the date of the alleged discriminatory conduct to file a charge to protect his rights under state law and 300 days from the same date to protect his rights under federal law. The letter explicitly stated that plaintiff Turner had "not filed a charge at this time."

As plaintiff has failed to exhaust his administrative remedies prior to filing the instant action, he has not met the jurisdictional prerequisites for filing suit based on the ADA in the Tenth Circuit. Defendant Union made the decision not to pursue plaintiff's claims to arbitration in December of 2003. Because no charge was ever filed by plaintiff Turner with the EEOC or KHRC, this Court does not have jurisdiction to hear plaintiff Turner's claim under the ADA. Therefore, the court holds that defendant's Motion for Summary Judgment (Doc. 42) as to this claim should be granted.

**II.     Defendant's Motion to Strike Plaintiff Curtis Turner's Motion for Summary Judgment and Memorandum in Support Thereof (Doc. 65).**

Defendant also moves to strike plaintiff's Motion for Summary Judgment (Doc. 56) and

Memorandum in Support Thereof (Doc. 57). The dispositive motion deadline, as established in the Scheduling Order entered on May 15, 2007, for this case was June 15, 2007. On July 2, 2007, the court entered an Amended Scheduling Order, wherein the dispositive motion deadline remained unchanged. Plaintiff Turner filed his Motion for Summary Judgment on September 10, 2007.

Therefore, defendant contends the motion should be stricken because it failed to meet the June 15, 2007 dispositive motion deadline as established in the both the Scheduling Order and the Amended Scheduling Order. Plaintiffs state in their response that additional research was required for plaintiff Turner to locate medical records and documents from the EEOC. They also contend that the Pretrial Order states, "Plaintiffs may file motions for summary judgment following further investigation of their cases." Finally they argue that the failure to file dispositive motions by the deadline was merely a mistake and an unintentional oversight.

The court, upon a full review of the record, finds that Defendant's Motion to Strike (Doc. 65) should be denied. The court notes that the deadline for filing dispositive motions in this case was June 15, 2007. Plaintiff filed his motion almost three months after this deadline. Such a delay may not be excused as a mistake or unintentional oversight. Plaintiffs' argument that plaintiff Turner needed more time to conduct research is also unavailing. The deadline for discovery in this case was May 31, 2007, so Mr. Turner should have conducted any research before the deadline. Plaintiffs also take the quote from the Pretrial Order out of context. While the Pretrial Order does say that the plaintiffs may file motions for summary judgment following further investigation, it also says, immediately thereafter that, "The dispositive motion deadline, as established in the scheduling order and any amendments, is June 15, 2007."

Even so, the court, out of an abundance of caution, has reviewed plaintiff Turner's Motion for Summary Judgment and fails to find sufficient grounds contained in those documents to alter this court's decision on defendant's motion. Therefore, having reviewed plaintiff's motion, and having failed to find sufficient grounds contained in the motion to warrant a denial of defendant's Motion for Summary Judgment, the court shall deny defendant's Motion to Strike (Doc. 65) as moot.

### III. Plaintiffs' Motion for Leave to File Their Motions for Summary Judgments and Memorandums In Support of Out of Time or the Alternative to File the Summary Judgments as Standard Oppositions (Doc. 68).

As discussed in the court's ruling on Defendant's Motion for Summary Judgment on the Claims of Dorothy Lewis (Doc. 74), plaintiffs Lewis, Turner, and Stansberry asked the court for leave to file their motions for summary judgment and memorandums in support out of time, or alternatively, leave to file them as standard oppositions to defendant's motions for summary judgment. Pursuant to the court's Order,[45] the court holds plaintiff Turner's Motion for Summary Judgment (Doc. 56) should be denied, but considered as a response to defendant's Motion for Summary Judgment on the Claims of Plaintiff Curtis Turner.

As stated above, having reviewed plaintiff Turner's Motion for Summary Judgment as an opposition to Defendant's Motion for Summary Judgment on Claims of Plaintiff Curtis Turner, the court fails to find sufficient grounds contained in those documents to alter this court's decision on defendant's motion. Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment (Doc. 42) is hereby granted.

---

[45] (Doc. 74).

**IT IS FURTHER ORDERED** that defendant's Motion to Strike (Doc. 65) is hereby denied as moot.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave (Doc. 68) is hereby granted in part and denied in part. Plaintiff Turner's Motion for Summary Judgment (Doc. 56) shall be treated as a response to Defendant's Motion for Summary Judgment (Doc. 42).

**IT IS FURTHER ORDERED** that Plaintiff Turner's Motion for Summary Judgment (Doc. 56) shall be denied.

Judgment shall be entered in favor of defendant in accordance with this order.

**IT IS SO ORDERED.**

Dated this 26th day of March, 2008, at Topeka, Kansas.

s/ K. Gary Sebelius<br>
K. Gary Sebelius<br>
U.S. Magistrate Judge